## DYMOND & LEVY v. GIORDANO

———

(October 20, 1930. Opinion and Decree.)

———

Dymond & Levy and George C. Schoenberger, Jr., of New Orleans, attorneys for plaintiff, appellee.

Ed. J. DeVergas and Lubin F. Laurent, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit by a firm of attorneys for an attorney's fee alleged to have been earned under a verbal contract of employment, to secure the pass-

age of a special zoning ordinance, for the purpose of preventing a prospective competitor from opening a grocery store in the same locality as the defendant's store, by having the area zoned for residential purposes.

The defendant answered, denying liability, and averred that the payment of the fee was contingent upon plaintiff's efforts to successfully keep the grocery store of defendant's competitor closed.

There was judgment in favor of the plaintiff as prayed for and defendant has appealed.

The record shows that defendant is engaged in operating a grocery store on the corner of General Taylor and Coliseum streets in this city; that one LeBlanc attempting to open a grocery store at the corner of General Taylor and Perrier streets, one block away; that the defendant went to the office of plaintiff for the purpose of preventing LeBlanc from opening · a store in competition with his own; that his attorneys sought to effect this result by having the neighborhood zoned against business places and as a residential section; that petitions were circulated and filed with the city engineer's office; that plaintiff prepared resolutions and ordinances and caused them to be introduced before the Commission Council of the City of New Orleans and appeared before the Council and successfully advocated the adoption of the ordinance; that thereafter, when LeBlanc attempted to open up his place of business, plaintiff, through the police department of the City of New Orleans, caused LeBlanc's place of business to be closed; that thereafter, under a ruling of the city attorney adverse to the defendant's interest, the store of LeBlanc was permitted to open and operate; that the defendant then called upon the plaintiff to see what further action could be taken and was advised that the only manner in which LeBlanc's store could be closed would be by injunction process, for which plaintiff would have to be paid an additional fee, but that defendant would have to pay the sum of $500 for the services that were already performed; that defendant thereupon protested that said fee was too high, resulting in a reduction to $450, to be paid $50 per month, which defendant agreed to pay; that statements for this amount and also the sum of $1.50 for affidavits, or $451.50, were mailed to defendant on the first of November and December, 1928, and the first of January, 1929, but defendant failed to pay the bill, stating that the fee was to be contingent upon the permanent closing of LeBlanc's store.

The testimony is hopelessly irreconcilable, unless it can be said that the defendant and his witnesses misunderstood a remark of Mr. Levy, a member of the plaintiff's firm, to the effect that if LeBlanc had already secured a permit, "then we are doing all this for nothing." It would appear to us that this statement was misconstrued by the defendant and his witnesses to mean that Mr. Levy and his firm were doing all the work for nothing, or without compensation, when, as a matter of fact, he meant that the work that they were doing in the matter was in vain if LeBlanc already had secured a permit.

A careful reading of the record convinces us that the services of the attorneys were not to be rendered upon a contingent basis, but that the defendant was to pay for the services regardless of the outcome of the matter and that the defendant agreed to pay the plaintiff the sum of $450 for such service.

For the reasons assigned the judgment is affirmed.